**16 MAG 5837**

ORIGINAL

Approved: _____
MARGARET GRAHAM / JACOB WARREN
Assistant United States Attorney

Before:   THE HONORABLE JAMES L. COTT
          United States Magistrate Judge
          Southern District of New York

- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :   **SEALED COMPLAINT**

         - v. -                   :   Violations of 18 U.S.C.
                                      §§ 922(g)(1), 1951, and
IRVING NORMAN,                    :   924(c)(1)(A)(iii)

                   Defendant.     :   COUNTY OF OFFENSE:
                                      BRONX

- - - - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

   KIERAN KEENAGHAN, being duly sworn, deposes and says that he is a Detective with the New York City Police Department, and charges as follows:

COUNT ONE

   1.   On or about September 8, 2016, in the Southern District of New York and elsewhere, IRVING NORMAN, the defendant, unlawfully and knowingly did commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and would and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, NORMAN robbed a store employee in the Bronx, New York.

   (Title 18, United States Code, Section 1951.)

COUNT TWO

   2.   On or about September 8, 2016, in the Southern District of New York and elsewhere, IRVING NORMAN, the defendant, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States,

namely, the robbery charged in Count One of this Complaint, knowingly used and carried a firearm, and, in furtherance of the robbery charged in Count One of this Complaint, possessed a firearm, which was brandished and discharged during the robbery.

(Title 18, United States Code, Section 924(c)(1)(A)(iii).)

COUNT THREE

3.   On or about September 8, 2016, in the Southern District of New York, IRVING NORMAN, the defendant, after having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess in and affecting commerce two firearms, to wit, one Smith & Wesson 9mm pistol and one Sierra .38 revolver, both of which previously had been shipped and transported in interstate and foreign commerce.

(Title 18, United States Code, Section 922(g)(1).)

The bases for my knowledge and for the foregoing charge, are, in part, as follows:

4.   I am a Detective with the New York City Police Department ("NYPD").  I have been personally involved in the investigation of this matter.  This Affidavit is based upon my personal participation in the investigation, my examination of reports and records, and my conversations with other law enforcement personnel and other individuals.  Because this Affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts that I have learned during the course of my investigation.  Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

5.   I have spoken with an NYPD officer ("Officer-1"), who told me, among other things, the following:

a.   On or about September 8, 2016, Officer-1 interviewed an individual (the "Victim") who had just been robbed in the Bronx, New York.  The Victim stated, in sum and substance, that a man (the "Robber") had walked into the store where the Victim was working (the "Bodega"), pointed a gun at the Victim, and demanded money.  During this robbery, the Robber discharged the gun.  The Victim also observed a second gun in the Robber's waistband.  The Victim handed the Robber one dollar, at which point the Robber left the Bodega.  The Robber

then returned, gave the Victim his pistol, pleaded with the Victim not to call the police, recovered his pistol, and again left the Bodega.

    b. Officer-1 reviewed surveillance video of the incident and photographed a part of the video that showed the Robber.

    c. The Victim directed Officer-1 to the apartment building where the Victim saw the Robber flee to after committing the robbery, and where the Victim had frequently seen the Robber (the "Building").

    d. Officer-1 entered the Building and showed an individual within the Building ("Individual-1") the photograph of the Robber from the surveillance video. Individual-1 stated that Individual-1 was familiar with the Robber, and indicated the apartment where the Robber lived (the "Apartment"). An individual answered the door at the Apartment ("Individual-2") and stated that it was Individual-2's apartment, and that Individual-2 rented out rooms in the Apartment to others. Officer-1 showed the photograph of the Robber from the surveillance video to Individual-2, who stated that the Robber rented a room in the Apartment. Individual-2 let Officer-1 into the Apartment and indicated the Robber's room.

    e. The door to the Robber's room was ajar, and Officer-1 observed two firearms in plain view inside the Robber's room, which Officer-1 identified from training and experience as a 9mm pistol and a .38 revolver.

    f. The Robber was arrested a few minutes later behind the Building. The Robber identified himself as IRVING NORMAN, the defendant.

    6. I have reviewed the surveillance video of the robbery and have confirmed that the Robber is IRVING NORMAN, the defendant.

    7. I have reviewed an NYPD Firearms Report, which identifies the firearms that were recovered on September 8, 2016, from NORMAN's room as one Smith & Wesson 9mm pistol and one Sierra .38 revolver (the "Firearms").

    8. I have communicated with an ATF Special Agent who is familiar with the manufacturing of firearms. This agent has

informed me that the Firearms have never been manufactured in the State of New York.

9. I have reviewed criminal history records pertaining to IRVING NORMAN, the defendant, which indicate that NORMAN was convicted on or September 23, 2010, in New York County Supreme Court, of Criminal Sale of a Controlled Substance in the Third Degree, a Class B felony, in violation of New York Penal Law 220.39.

10. I have visited the Bodega and have confirmed that the Bodega obtains some of the goods it offers for sale through interstate or international commerce.

WHEREFORE, the deponent respectfully requests that a warrant issue for the arrest of IRVING NORMAN, the defendant, and that he be arrested and imprisoned, or bailed, as the case may be.

_____
KIERAN KEENAGHAN
DETECTIVE
NEW YORK CITY POLICE DEPARTMENT


Sworn to before me this
13th day of September, 2016

_____
THE HONORABLE JAMES L. COTT
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK